

U.S. Department of Justice

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 18, 2024

Erin Opperman, Esq.
Law Offices of Erin R. Opperman
55 Union St. 4th fl.
Boston, MA 02108

    Re:    United States v. Eberson Luiz Vanz,
            Criminal No. 5:21-cr-10175-ADB

Dear Ms. Opperman:

    The Acting United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Eberson Luiz Vanz ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    Change of Plea

    No later than April 15, 2024, Defendant will waive Indictment and plead guilty to Count One of the Superseding Information attached hereto charging him with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). Defendant admits that Defendant committed the crime specified in this count and is in fact guilty of this offense. The U.S. Attorney agrees to dismiss the charges against Defendant in the Second Superseding Indictment after sentencing.

    Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Superseding Information.

    2.    Penalties

    Defendant faces the following maximum penalties: incarceration for 20 years; supervised release for 3 years; a fine of $500,000 or twice the value of the property involved in the transaction, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the

1

extent charged in the Superseding Information.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 13:

  a) Defendant's base offense level is 18, based on the offense level of the underlying offense from which the laundered funds were derived (USSG §§ 2S1.1(a)(1), 2L1.1(a)(3), (b)(2)(B));

  b) Defendant's offense level is increased by 2, because his conviction will be under 18 U.S.C. § 1956 (USSG §2S1.1(b)(2)(B));

  c) Defendant's offense level is decreased by 4, because he was a minimal participant in the criminal activity (USSG § 3B1.2(a); and

  d) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

The parties agree that, if (a) U.S. Probation determines that Defendant does not receive any criminal history points; and if (b) both U.S. Probation and the United States determine that Defendant otherwise meets the criteria in Guideline § 4C1.1, the United States will recommend that Defendant's offense level be reduced by two levels pursuant to § 4C1.1.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the

Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a) Incarceration for 8 months;

   b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

   c) 24 months of supervised release;

   d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

   e) forfeiture as set forth in Paragraph 6.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

   a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

   b) Defendant will not challenge any prison sentence of 8 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the

one in this Agreement.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence (to the extent set forth in subparagraph (b), above), regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:
   a. an Order of Forfeiture (Money Judgment), in an amount to be determined at sentencing.

Defendant admits that the amount of money involved in Defendant's offense is subject to forfeiture.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts or omissions of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a)

4

regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7.   Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8.   Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring

before the date of this Agreement.

9.  Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney James D. Herbert.

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By: _____
Elizabeth Riley
Chief, Civil Rights and Human Trafficking Unit

_____
James D. Herbert
Kelly Begg Lawrence
Samuel R. Feldman
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
Eberson Luiz Vanz
Defendant

Date: 04/03/24

I certify that Eberson Luiz Vanz has read this Agreement and that we have discussed what it means. I believe Eberson Luiz Vanz understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Erin Opperman
Attorney for Defendant

Date: April 4, 2024

7

# ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(5) EBERSON LUIZ VANZ,<br>a/k/a "GRANDE,"<br><br>Defendant | Criminal No. 1:21-cr-10175-ADB<br><br>Violation:<br><br><u>Count One</u>: Money Laundering Conspiracy (18 U.S.C. § 1956(h))<br><br><u>Money Laundering Forfeiture Allegation</u>: (18 U.S.C. § 982(a)(1)) |

SUPERSEDING INFORMATION

At all times relevant to this Superseding Information:

General Allegations

Overview of the Money Laundering Conspiracy

1. From in or about March 2017 through in or about October 2022, EBERSON LUIZ VANZ, a/k/a "GRANDE," ("VANZ") conspired with Chelbe Willams Moraes ("Chelbe"), Jesse James Moraes ("Jesse"), and others known and unknown to the Acting United States Attorney, to transfer funds into and out of the United States and to conduct financial transactions using the proceeds of specified unlawful activity. The specified unlawful activity consisted of a conspiracy led by Chelbe to encourage and induce undocumented migrants from Brazil (collectively "Migrants," or, in the language of the relevant statutes, "aliens") to come to, enter, and reside in the United States ("migrant smuggling," or, in the language of the relevant statutes, "alien smuggling") knowing and in reckless disregard of the fact that the Migrants did not have prior official authorization from the United States government to come to, enter, and reside in the

United States. The fund transfers and financial transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of such proceeds.

<u>Manner and Means of the Money Laundering Conspiracy</u>

2. Among the manner and means by which VANZ, Chelbe, Jesse, and coconspirators known and unknown to the Acting United States Attorney carried out the conspiracy were the following:

    a. Wiring funds from the United States to Mexico in furtherance of the migrant smuggling conspiracy; and

    b. Directing Migrants smuggled into the United States by CHELBE to make payments toward their smuggling debts by giving the funds directly to VANZ and by depositing funds into a bank account of VANZ's.

<u>Acts in Furtherance of the Money Laundering Conspiracy</u>

3. On or about the following dates, VANZ, at Chelbe's request, made electronic wire transfers in the following amounts to Migrants who were in Mexico and needed the money while being smuggled by Chelbe into the United States:

| Date | Amount | Recipient |
| --- | --- | --- |
| June 26, 2017 | $690 | Migrant 7 |
| October 19, 2017 | $990 | Migrant 8 |
| October 24, 2017 | $590 | Migrant 9 |
| August 17, 2018 | $352 | Migrant 10 |
| December 9, 2018 | $1,085 | Migrant 11 |

| April 13, 2019 | $700 | Migrant 12 |
| :---: | :---: | :---: |
| May 25, 2019 | $200 | Migrant 13 |
| May 25, 2019 | $900 | Migrant 14 |
| September 30, 2019 | $542 | Migrant 15 |
| September 30, 2019 | $542 | Migrant 16 |
| October 4, 2019 | $993 | Migrant 17 |

4. On or about August 23, 2019, a coconspirator ("CC-2") sent Migrant 2 the information for VANZ's bank account so that Migrant 2 could deposit into that bank account a $1,000 payment in partial satisfaction of his/her smuggling debt.

## COUNT ONE

Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Acting United States Attorney charges:

5. The Acting United States Attorney re-alleges and incorporates by reference paragraphs 1 through 4 of this Superseding Information.

6. From in or about March 2017 through in or about October 2022, in the District of Massachusetts and elsewhere, the defendant,

(5) EBERSON LUIZ VANZ, a/k/a "GRANDE,"

conspired with Chelbe Willams Moraes and Jesse James Moraes, and with others known and unknown to the Grand Jury, to:

a) transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States, namely, Woburn, Massachusetts, and Miami, Florida, to and through a place outside the United States, namely, Mexico, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, namely, alien smuggling conspiracy, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and (B)(i), in violation of Title 18, United States Code, Section 1956(a)(2)(B); and

b) conduct and attempt to conduct financial transactions, to wit, bank deposits, wire transfers and other electronic transfers of funds among financial institutions, knowing that the

property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, namely, alien smuggling conspiracy, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and (B)(i), and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, namely, alien smuggling conspiracy, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and (B)(i), in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## MONEY LAUNDERING FORFEITURE ALLEGATION

(18 U.S.C. § 982(a)(1))

7. Upon conviction of the offense in violation of Title 18, United States Code, Section 1956, set forth Count One, the defendant,

(5) EBERSON LUIZ VANZ, a/k/a "GRANDE,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property.

8. If any of the property described in Paragraph 7, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendants –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendants up to the value of the property described in Paragraph 7 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

Respectfully submitted,

JOSHUA S. LEVY
ACTING UNITED STATES ATTORNEY

By:   JAMES HERBERT
      Digitally signed by JAMES HERBERT
      Date: 2024.04.05 08:48:15 -04'00'
      _____
      James D. Herbert
      Kelly Begg Lawrence
      Samuel Feldman
      Assistant U.S. Attorneys